IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

FLORENCE M. CHILDS                                                                           PLAINTIFF

vs.                                            Civil No. 1:10-cv-01062

MICHAEL J. ASTRUE                                                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Florence M. Childs ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") partially denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff protectively filed her DIB application on December 18, 2007.  (Tr. 12, 101-103).  In her application, Plaintiff alleged she was disabled due to Hodgkin's lymphoma.  (Tr. 133).  At the administrative hearing on September 21, 2009, Plaintiff also alleged she was disabled due to tumors in her uterus, anemia, diabetes, arthritis, and depression.  (Tr. 30-34).  Plaintiff alleged an onset date of March 1, 2007.  (Tr. 101).  This application was denied initially and again upon reconsideration.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

(Tr. 43-44).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 63-68). An administrative hearing was held on September 21, 2009 in El Dorado, Arkansas. (Tr. 22-42). Plaintiff was present and was represented by counsel, Mary Thomason, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") David O'Neal testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-six (46) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed high school. (Tr. 24-25).

On December 28, 2009, the ALJ entered a partially favorable and partially unfavorable decision on Plaintiff's DIB application. (Tr. 12-16). In this decision, the ALJ determined there were two significant time periods: (1) March 1, 2007 (Plaintiff's alleged onset date) through January 13, 2009 and (2) January 13, 2009 through December 28, 2009 (ALJ's decision date). *Id.* The ALJ evaluated Plaintiff's alleged disability based upon these two time periods.

In this decision, the ALJ determined Plaintiff met the disability insured status requirements of the Act at all times relevant to his decision. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") during the period from March 1, 2007 to January 13, 2009. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: Hodgkin's lymphoma with a mediastinal mass and diabetes mellitus. (Tr. 15, Finding 3). The ALJ also determined none of Plaintiff's impairments, singularly or in combination, met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). *Id.*

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-15, Findings 4-5). The ALJ evaluated her RFC based upon the two different time periods outlined above. For the first time period, the ALJ found Plaintiff's subjective complaints were

credible and she retained an RFC "which rendered it impossible for her to work 8 hours a day, 5 days a week, on a regular and consistent basis." (Tr. 15, Findings 4-5).

For the second time period, the ALJ found Plaintiff retained the following RFC[2]:

> [S]uch individual could lift and carry 10 pounds, stand and walk 2 hours in an 8 hour workday and sit 6 hours in an 8 hour workday, and push and/or pull 10 pounds.

(Tr. 14, 40).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the VE testified at the administrative hearing regarding this issue. (Tr. 40-41). Based upon that testimony, the ALJ determined that during the first time period–March 1, 2007 through January 13, 2009–Plaintiff was unable to perform the requirements of her PRW. (Tr. 15, Finding 6). The ALJ also determined, that during the second time period–January 13, 2009 until December 28, 2009–Plaintiff would be unable to perform her PRW. (Tr. 14).

The ALJ, however, did find Plaintiff retained the ability to perform other work existing in significant numbers in the national and local economies during the second time period and beginning after January 13, 2009. (Tr. 16, Finding 12). The ALJ based this finding upon the testimony of the VE. *Id.* Specifically, the VE testified in response to a hypothetical question from the ALJ that an individual with Plaintiff's limitations retained the ability to perform other work such as a telephone representative with 2,000 such jobs existing in Arkansas and 300,000 such jobs existing in the nation and as a ticket taker with 1,750 such jobs existing in Arkansas and 260,000 such jobs existing in the nation. (Tr. 14). The ALJ then determined Plaintiff had been under a disability, as defined by the Act, from March 1, 2007 until January 13, 2009 but not thereafter. (Tr. 16, Finding 13).

---

[2] The ALJ did not make a specific finding on this issue. (Tr. 14-15). Instead, the ALJ included this RFC in his hypothetical to the VE.

Subsequent to the ALJ's decision, on February 18, 2010, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-5). *See* 20 C.F.R. § 404.968. On August 4, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On September 10, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 23, 2010. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160

F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's partially unfavorable disability determination is not supported by substantial evidence in the record. ECF No. 8. Plaintiff only challenges the ALJ's determination that she was not disabled beyond January 13, 2009. ECF No. 8. Specifically, Plaintiff

claims the following: (A) the ALJ's decision that she was no longer disabled as of January 13, 2009 is not supported by substantial evidence in the record; and (B) the ALJ improperly assessed her RFC for the time period after January 13, 2009. ECF No. 8 at 5-9. Because this Court finds the ALJ improperly assessed Plaintiff's RFC for the time period after January 13, 2009, this Court will only address her second argument for reversal.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In the present action, there is no dispute the ALJ properly evaluated Plaintiff's RFC during the first time period from March 1, 2007 through January 13, 2009. (Tr. 15, Finding 5). However,

Plaintiff claims the ALJ's RFC assessment for the period after January 13, 2009 is not supported by substantial evidence in the record. ECF No. 8. Plaintiff claims the ALJ's RFC assessment for that time period is wholly without a basis in the record, and the ALJ also improperly discounted her subjective complaints without a sufficient basis in the record. *Id.* Having reviewed these arguments, this Court finds both are merited.

First, as noted above, for the time period after January 13, 2009, the ALJ assessed Plaintiff as having the RFC to perform the following:

> [S]uch individual could lift and carry 10 pounds, stand and walk 2 hours in an 8 hour workday and sit 6 hours in an 8 hour workday, and push and/or pull 10 pounds.

(Tr. 14). The ALJ, however, provided no support in his opinion for that specific RFC finding. Instead, it appears the ALJ merely based this finding upon his opinion that Plaintiff's condition had improved, and she could return to work: "[t]he medical evidence shows a pattern of improvement in the claimant's condition to the point that by January 13, 2009, the claimant had regained the residual functional capacity to return to work."[3] (Tr. 14). Because the ALJ has not provided "some medical evidence" regarding Plaintiff's "ability to function in the workplace," the ALJ's RFC determination is not supported by substantial evidence in the record, and this case must be reversed and remanded. *Lauer,* 245 F.3d at 703-04.

Second, Plaintiff claims the ALJ improperly discounted her subjective complaints regarding her limitations after January 13, 2009. ECF No. 8. During the administrative hearing in this matter, Plaintiff testified she could only lift two pounds, walk short distances, and stand in one place for about ten minutes. (Tr. 34-35). The ALJ has provided no evidence or reasoning to contradict these

---

[3] Indeed, the ALJ's "RFC determination" was not even included as a specific finding in his opinion. Instead, it was included only as a part of the hypothetical to the VE. (Tr. 14).

7

allegations.  (Tr. 13-15).  Because the ALJ failed to provide a basis for discounting her subjective complaints during this time period, this case must also be reversed and remanded.  *See Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff for the time period beginning January 13, 2009, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 6th day of May, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE